# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-00139-TWP-DML |
| DAEMAZ L. LONG, | ) |
| Defendant. | ) |

## ENTRY ON PENDING MOTION

This matter is before the Court on Defendant Daemaz L. Long's ("Mr. Long") Motion to Reduce Sentence under the First Step Act of 2018 (Dkt. 74), and Petition for Recommendation Pursuant to 18 U.S.C.S 3624(c)(1)(2) and 3621(E) R.D.A.P. Completion for RRC and Home Confinement Placement (Dkt. 77). For the reasons stated below, the motions are **denied**.

## I. DISCUSSION

Mr. Long entered a plea of guilty to Count One, Possession of Heroin with Intent to Distribute. He was sentenced on April 25, 2018, in an amended judgement, to 57 months' imprisonment, to be served concurrently with any imposed state case (specifically, if convicted under cause number 48C03-1605-F5-936 in Madison County, Indiana, Circuit Court); followed by four years of supervised release, the special assessment fee of $100.00, and a fine of $500.00. (Dkt.71). In the motions before the Court, Mr. Long seeks relief pursuant to the First Step Act of 2018, as well as 18 U.S.C. § 3624 (c)(1)(2) and § 3621(E). The Court will address each motion.

**A**. **Motion to Reduce Sentence under the First Step Act of 2018 (Dkt. 74)**

On December 21, 2018, the President signed the First Step Act of 2018, which promotes recidivism reduction programs; amends sentencing provisions including 18 U.S.C. § 924(c) and 21 U.S.C. § 841(b)(1); expands the "safety valve" applicable to mandatory minimum sentencing provisions; makes the Fair Sentencing Act of 2010 retroactively applicable; and includes

additional provisions related to sentencing and imprisonment. As noted by the Government in their Response, Title I of the First Step Act aims to reduce recidivism of federal inmates by providing access to "evidence-based recidivism reduction programs" and other "productive activities," and affords time credits that selected inmates who participate in such programs and activities may use to reduce time served in prison and receive other benefits. *See* 18 U.S.C. § 3631, *et seq*. Title I of the Act, provides that within 210 days after the First Step Act becoming law, the Attorney General is required to develop a "Risk and Needs Assessment System". Then, within 180 days of the release of the risk and needs assessment system, and periodically thereafter, the Bureau of Prisons must conduct a risk assessment of every prisoner.

On January 16, 2019, Mr Long filed a letter which is treated as a motion to reduce his sentence under the provision of the First Step Act. In particular, he requests additional work-release time based on his completion of various programs in the prison and other behavioral considerations. Unfortunately this request is premature because the United States Attorney General has not yet developed the risk assessment tool required for implementation of this portion of the First Step Act. The First Step Act reforms that would allow Mr. Long's request to be granted have not yet been implemented; accordingly, his motion to reduce sentence is **denied** as premature.

**B.**     **Motion for Residential Reentry Center Placement (Dkt. 77)**

In his second motion, Mr. Long asks the Court to recommend that he serve his remaining time in a Residential Reentry Center ("RRC") and home confinement placement. He relies on Title 18 U.S.C. § 3624 (c)(1)(2) and § 3621(E) as the basis for this request. Under the Second Chance Act, [18 U.S.C. § 3624(c)](), the Bureau of Prisons ("BOP") has the authority to place inmates in

community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.* There is no § 3621(E), however, 18 U.S.C. § 3621(b) list the factors the BOP must consider in deciding whether an inmate should be placed in a community correctional facility. Those factors to be considered are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence was determined to be warranted or recommending a specific type of facility; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

As the Government points out in its Response, it is not the Court's role to make RRC and home detention determinations. *See Davis v. United States*, No. 17-cr-294-DRH, 2017 WL 2214874, at *2 (S.D. Ill May 19, 2017) ("Petitioner's request in his Petition that this Court make an RRC determination in place of the BOP, it will not, as it is not the role of this Court to conduct an independent review of the § 3621(b) factors and make a *de novo* determination as to Petitioner's placement in a halfway house."). Mr. Long has not indicated whether the BOP has actually decided that he is eligibile for placement in an RRC for any amount of time. It is therefore unclear to this Court whether this request is ripe for review. While the Court applauds Mr. Long for the progress that he has made, his motion fails to allege a basis which would allow the Court to grant the relief requested. Accordingly, the motion for residential reentry center placement must be **denied**.

## II. CONCLUSIONS

For the reasons stated above, Mr. Long's Motion to Reduce Sentence under the First Step Act of 2018 (Dkt. [74]), and Petition for Recommendation Pursuant to 18 U.S.C. § 3624(c)(1)(2) and 3621(E) R.D.A.P. Completion for RRC and Home Confinement Placement, (Dkt.[77]) are **DENIED**.

**SO ORDERED.**

Date: 7/17/2019

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Daemez Long, #10455-028
METROPOLITAN CORRECTIONAL CENTER
71 W. Van Buren Street
Chicago, Illinois 60605

Bradley A. BLACKINGTON
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov