**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-00139-TWP-DML |
| ) | |
| DAEMEZ L. LONG, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO MODIFY SUPERVISED
RELEASE AND MOTION FOR COURT ASSISTANCE**

This matter is before the Court on Defendant Daemez L. Long's ("Long") Motion to Modify Supervised Release (Dkt. 117) and Motion for Court Assistance (118), in which Long objects to the Magistrate Judge's Report and Recommendation (which was adopted by the Court on October 28, 2021) (*See* Dkt. 116). For the reasons stated below, both Motions are **denied**.

## I. DISCUSSION

A district court may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation, or termination by the judge, including in the case of revocation, a recommended disposition under section 3583(e) of the title. 18 U.S.C. § 3401(i). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations and the district court need not accept any portion as binding. Federal Rule of Criminal Procedure 59. After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. The district court is required to review those objections *de novo*, determining for itself

whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. *Id*.

Long was sentenced before this Court for possessing with intent to distribute a mixture or substance containing a detectable amount of heroin. (Dkt. 98.) On July 25, 2019, he commenced supervised release after serving his term of incarceration. *Id*. On May 10, 2021, the United States Probation Office ("Probation") filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"), and later, a Supplemental Petition for Warrant or Summons for Offender Under Supervision (the "Supplemental Petition") (Dkts. 98 and 108). Pursuant to 18 U.S.C. § 3401(i), the Court designated the criminal duty magistrate judge to appoint counsel for Long, to conduct the hearing on the Petition, and to submit to this Judge proposed findings of fact and recommendations for disposition under 18 U.S.C. § 3583(e). (Dkt. 101.)

A hearing was held before the Magistrate Judge on the Petition on October 22, 2021. Long appeared in person and with Federal Community Defender (FCD) counsel Joseph Cleary[1]. (Dkt. 114.) The government appeared by MaryAnn Mindrum, Assistant United States Attorney. Probation appeared by Officer Michael Burress. *Id*. The Magistrate Judge conducted procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583 (e). The alleged violations were (1): "The defendant shall not commit another federal, state, or local crime"; and (2) and (3): "You must refrain from any unlawful use of a controlled substance". (Dkts. 98 and 108). At the hearing, Long admitted to violation numbers 2 and 3 as set forth in the Petition and the Supplemental Petition, and the Magistrate Judge found that he violated the same. (Dkt. 114.) The Government orally moved to withdraw violation number 1, which motion was granted. *Id*.

---

[1] FCD Counsel Sam Ansell entered his appearance for Long on May 20, 2021 (Dkt. 107), however Mr. Cleary apparently covered the hearing held on October 22, 2021.

2

at 2. The parties -- that being Long and his counsel, and the Government attorney -- jointly requested that the Magistrate Judge recommend a sentence of eighteen (18) months with no supervised release to follow. As required, the Magistrate Judge issued a Report and Recommendation on October 25, 2021 which included the following recommendation:

> [T]hat Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. The Magistrate Judge further recommends Defendant's placement at FCC Terre Haute, Indiana. The Defendant was taken into custody immediately pending the District Judge's action on this Report and Recommendation.
>
> The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to this Report and Recommendation.

(Dkt. 115 at 3.) Because the parties waived the fourteen-day period to object to the Report and Recommendation, the Court adopted it on October 28, 2021. (Dkt. 116.)

On October 28, 2021, and again on November 1, 2021, Long filed *pro-se* motions objecting to the Report and Recommendation. (Dkts. 117 and 118.) Specifically, Long objects to a sentence of eighteen months incarceration and instead requests that he serve eighteen months of home detention with no supervised release to follow. He argues that the woman who he is in love with needs his support and help, and that his violations resulted from self-medicating with marijuana, cocaine and non-prescribed prescription drugs--because his prescribed depression medication was not working. *Id*. Long does not dispute that he was in violation of conditions number 2 and 3 of his supervised release. And importantly, he does not assert that he misunderstood the agreed upon sentence or that his counsel did not properly advise him of the terms. It appears that he has just changed his mind concerning the punishment.

3

The Government opposes Long's Motions and points out that Long waived his right of objection. The Government argues the eighteen-month sentence of incarceration was the product of a joint recommendation by the Government and Long at the supervised release hearing on October 22, 2021. Long was represented by counsel at that hearing, and the Government asserts that he "was aware and understood the terms of the agreement, and explicitly agreed on that resolution. As a result of the agreed upon resolution, the government dismissed Violation 1, which cut the Defendant's guideline range nearly in half." (Dkt. 120 at 1.) In arguing the reasonableness of the agreed upon sentence the Government asserts:

> The Defendant's original offense was possession with intent to distribute a mixture or substance containing a detectable amount of heroin. The violations described in the Petition and Supplemental Petition all pertain to drug use.
>
> ….
>
> The Defendant was a criminal history Category V, evidencing a significant history of criminal conduct.
>
> A sentence of eighteen months incarceration was at the low end of the advisory guideline range, and would afford adequate deterrence to criminal conduct – showing the importance of complying with conditions of release and taking seriously the rules imposed upon a Defendant during release.
>
> ….
>
> Home detention is not adequate under these circumstances. The Defendant was out on supervision when he committed the instant violations. The many drug-related violations show the Defendant's inability to comply with the rules.

(Dkt. 120 at 7.)

In issuing his Report and Recommendation, the Magistrate Judge explicitly stated that he considered the factors set forth in 18 U.S.C. § 3553(a) and § 3583(c), which were more fully set forth on the record, and found that Long violated conditions 2 and 3 of the Petition and the

4

Supplemental Petition, recommended that Long's supervised release be revoked, and that Long should be sentenced for a period of eighteen (18) months with no supervised release to follow, which was consistent with the joint recommendation of the parties. (Dkt. 115.)

Assuming that Long did not voluntarily waive the 14-day period within to object, upon *de novo* review of the evidence, the Court finds that the Magistrate Judge's recommended 18-month sentence is fair and reasonable under 18 U.S.C. § 3583(c). Allegation No. 1 concerned Long's pending case in the Marion Superior Court, in which Long is charged with Dealing in Marijuana, a level 6 felony, under Case Number 49D31-2105-F5-014027. If found in violation of Allegation No. 1, Long faced a guideline range of imprisonment of 30-37 months pursuant to United States Sentencing Guideline § 7B1.4(a). Upon dismissal of Allegation No. 1, the highest grade of violation was a Grade B violation and resulting guidelines dropped to 18-24 months. Considering the admissions made by Long at the violation hearing and the requests in his pending Motions, the Court finds that the Magistrate Judge's recommended 18-month sentence is legally sound and there are no errors of law. This period of incarceration will remove Long from the negative elements that influenced him to resume drug use and provide him another opportunity to undergo substance abuse treatment and counseling for his depression in a controlled environment. Thereafter, Long will have completed his obligations under this case and he can reunite with his loved one, hopefully free of the issues that resulted in his violations.

## II. CONCLUSION

For the reasons stated above Defendant Daemez L. Long's Motion to Modify Supervised Release, (Dkt. 117), and Motion for Court Assistance, (Dkt. 118), are **DENIED**. The Report and Recommendation previously adopted by the Court remains in effect. The Court will issue a

judgment by separate order.

**SO ORDERED.**

Date: 11/22/2021

DISTRIBUTION:

Daemez Long, #10455-028
11408 Carly Way
Indianapolis, Indiana   46235

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE
maryann.mindrum@usdoj.gov

H. Samuel Ansell
INDIANA FEDERAL COMMUNITY DEFENDERS, INC.
sam.ansell@fd.org

Joseph Cleary
INDIANA FEDERAL COMMUNITY DEFENDERS, INC.
joe_cleary@fd.org

United States Probation Office

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana